**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)**

| | |
|---|---|
| **VS TECHNOLOGIES, LLC,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | CIVIL CASE NO: 2:11cv43 (HCM)(FBS) |
| vs. ) | |
| ) | |
| **TWITTER, INC.** ) | |
| ) | |
| **Defendant.** ) | |

<u>**NONCONFIDENTIAL MEMORANDUM IN SUPPORT OF TWITTER'S
MOTION TO FILE DOCUMENTS UNDER SEAL**</u>

Defendant Twitter, Inc. ("Twitter"), by counsel, hereby submits this nonconfidential memorandum in support of its motion to file certain documents under seal pursuant to Local Civil Rule 5 and the Court's Stipulated Protective Order of June 9, 2011 [Dkt. No. 36].

**BACKGROUND**

This is a patent-infringement action against Twitter, the online messaging service. Plaintiff VS Technologies, Inc. ("VS Technologies") claims that Twitter's "systems, products, and/or services" infringe the patent in suit, U.S. Patent No. 6,408,309 ("the '309 patent"), titled, "Method and System for Creating an Interactive Virtual Community of Famous People." The parties recognized that, during the course of this case, they would have to produce and exchange confidential and proprietary business and personal information. Accordingly, the parties jointly moved the Court to enter a Stipulated Protective Order governing the handling and disclosure of such information. After appropriate public notice, the Court granted the motion and entered the Stipulated Protective Order on June 9, 2011. *See* Dkt. No. 36.

Pursuant to the existing Stipulated Protective Order, the parties have exchanged confidential information. For example, Twitter, which is privately owned, has produced information about its financial performance that is both highly confidential and extremely sensitive information, and the public disclosure of such information would be very harmful to Twitter. In addition, the parties have engaged expert witnesses who, after agreeing to be bound by the provisions of the Stipulated Protective Order, have issued reports that incorporate and rely upon such confidential information.

Now, in the context of its motion to strike the Expert Report of VS Technologies' damages expert, Larry W. Evans, and preclude him from testifying at trial, Twitter needs to file certain documents with the Court that contain highly confidential information. Therefore, Twitter has moved the Court for an appropriate Order, pursuant to Local Civil Rule 5 and the Stipulated Protective Order, sealing such documents from disclosure to the public.

## ARGUMENT

The Fourth Circuit has established certain steps a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents. Such an order will not be valid unless the district court (A) provides notice to the public and gives the public an opportunity to object to the sealing, (B) considers less drastic alternatives, and (C) provides specific findings in support of the decision to seal and the rejection of alternatives. *Id*. These prerequisites are satisfied here.

### A. Public Notice

Twitter has filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to

sealing the documents that are the subject of this motion. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

  **B. Less Drastic Alternatives**

On September 7, 2011, Twitter is filing its Motion to Strike Expert Report and Preclude Larry W. Evans from Testifying at Trial. In support of that Motion, Twitter is filing a supporting memorandum that contains confidential information and that relies on certain exhibits containing confidential information, which are to be protected from public disclosure under the terms of the Stipulated Protective Order. These documents include: the [Unredacted] Memorandum in Support of Twitter's Motion to Strike Expert Report and Preclude Larry W. Evans from Testifying at Trial, and Exhibits A, B, C, D and E thereto.

To avoid the public disclosure of the information designated as confidential and proprietary, Twitter believes that sealing of the documents is necessary because no procedure other than filing under seal will be sufficient to preserve the confidentiality of such information and to avoid violating the Stipulated Protective Order. *See, e.g.*, *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W.Va. 1999) (stating "[w]here … the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted, especially in cases between direct competitors.") (*citing Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) and Fed. R. Civ. P. 26(c)).

Twitter is filing a redacted/public version of its Memorandum in Support of Twitter's Motion to Strike Expert Report and Preclude Larry W. Evans from Testifying at Trial, with the

confidential information contained therein redacted and the confidential exhibits, Exhibits A, B, C, D and E, omitted to protect the confidentiality of the information contained therein.

### C. Specific Findings

The [Unredacted] Memorandum in Support of Twitter's Motion to Strike Expert Report and Preclude Larry W. Evans from Testifying at Trial, and Exhibits A, B, C, D and E thereto contain information designed by the parties as confidential and that is subject to the Court's Stipulated Protective Order. Pursuant to the Stipulated Protective Order, these documents have been appropriately marked and filed under seal pending the resolution of this motion.

The confidential information contained in the [Unredacted] Memorandum in Support of Twitter's Motion to Strike Expert Report and Preclude Larry W. Evans from Testifying at Trial and Exhibits A, B, C, D and E thereto have not been made public. As the Court recognized in entering the Stipulated Protective Order, and as recognized by Fed. R. Civ. P. 26(c) and case law, it is appropriate for the federal courts to protect the confidentiality of proprietary business and personal information.

Given the confidential nature of the information contained in the [Unredacted] Memorandum in Support of Twitter's Motion to Strike Expert Report and Preclude Larry W. Evans from Testifying at Trial, and Exhibits A, B, C, D and E thereto, and the necessity of filing these documents with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public. Twitter therefore seeks the sealing of these documents pursuant to Local Civil Rule 5 and the Stipulated Protective Order.

## CONCLUSION

For the foregoing reasons, Twitter requests that the Court grant its Motion and enter the attached proposed Order providing for the sealing of the [Unredacted] Memorandum in Support of Twitter's Motion to Strike Expert Report and Preclude Larry W. Evans from Testifying at Trial, and Exhibits A, B, C, D and E thereto, filed with the Court on September 7, 2011.

Dated: September 7, 2011

Respectfully submitted,

TWITTER, INC.

By: _____/s/\_ Robert A. Angle
Of Counsel

Robert A. Angle, VSB #37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219
Telephone: 804-697-1200
Facsimile: 804-697-1339
Email: robert.angle@troutmansanders.com
Email: dabney.carr@troutmansanders.com

Robert A. Van Nest *(admitted pro hac vice)*
David J. Silbert *(admitted pro hac vice)*
Eugene M. Paige *(admitted pro hac vice)*
Tia A. Sherringham *(admitted pro hac vice)*
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant Twitter, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send a notification of such electronic filing (NEF) to the following:

Amy Sanborn Owen
aowen@cochranowen.com
Ben Selan
bselan@cochranowen.com
Cochran & Owen LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182

Jonathan T. Suder
Todd I. Blumenfeld
FRIEDMAN, SUDER & COOKE, P.C.
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Ph: (817) 334-0400
Fx: (817) 334-0401
jts@fsclaw.com
blumenfeld@fsclaw.com

Edward W. Goldstein
Corby R. Vowell
GOLDSTEIN & VOWELL L.L.P
1177 West Loop South, Suite 400
Houston, Texas 77027
Ph:  (713) 877-1515
Fx:  (713) 877-1737 (fax)
egoldstein@gviplaw.com
cvowell@gviplaw.com
Counsel for Plaintiff VS Technologies, LLC

_____/s/_ Robert A. Angle _____
Robert A. Angle, VSB #37691
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
P.O. Box 1122
Richmond, Virginia  23218-1122
Telephone:  804-697-1200
Facsimile:  804-697-1339

Attorney for Twitter, Inc.