**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Norfolk Division)**

| | | |
|---|---|---|
| VS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL CASE NO: <u>2:11cv43 (HCM)(FBS)</u> |
| vs. | ) | |
| | ) | |
| TWITTER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED JURY CHARGE & VERDICT FORM[1]

Plaintiff VS Technologies, LLC ("VS Technologies") proposes the following individually numbered jury instructions which will allow the jury to determine (1) whether VS Technologies has proved by a preponderance of the evidence that Twitter has infringed any of Claims 1, 5, 6, 7, 8, 9 or 10 ("the asserted claims) of the '309 patent, (2) whether Twitter has proven by clear and convincing evidence that any of the asserted claims are invalid and (3) what amount of damages, if any, VS Technologies has proven.

---

[1] Each section of this proposed jury charge has been set forth on a separate page, numbered and identified by Plaintiff in compliance with Civil Local Rule 51. Each section also contains a footnote citation to the model jury charge or precedent relied on for each instruction as required by the same rule.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)**

| | | |
|---|---|---|
| VS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL CASE NO: <u>2:11cv43 (HCM)(FBS)</u> |
| vs. | ) | |
| | ) | |
| TWITTER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTIONS</u>[2]

### 1.1    WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must first file an application with the PTO. The PTO is an agency of the Federal Government

---

[2] These Preliminary Jury Instructions are adopted from the Federal Circuit Bar Association's Model Patent Jury Instructions, Feb. 2010.

and employs trained examiners who review applications for patents. The application includes

what is called a "specification," which contains a written description of the claimed invention

telling what the invention is, how it works, how to make it, and how to use it. The specification

concludes with one or more numbered sentences. These are the patent "claims." When the patent

is eventually granted by the PTO, the claims define the boundaries of its protection and give

notice to the public of those boundaries.

After the applicant files the application, an examiner reviews the application to determine

whether or not the claims are patentable (appropriate for patent protection) and whether or not

the specification adequately describes the invention claimed. In examining a patent application,

the examiner reviews certain information about the state of the technology at the time the

application was filed. The PTO searches for and reviews information that is publicly available or

that is submitted by the applicant. This information is called "prior art." The examiner reviews

this prior art to determine whether or not the invention is truly an advance over the state of the

art at the time. Prior art is defined by law, and I will give you, at a later time during these

instructions, specific instructions as to what constitutes prior art. However, in general, prior art

includes information that demonstrates the state of technology that existed before the claimed

invention was made or before the application was filed. A patent lists the prior art that the

examiner considered. This list is called the "cited references."

After the prior art search and examination of the application, the examiner informs the

applicant in writing of what the examiner has found and whether the examiner considers any

claim to be patentable and, thus, would be "allowed." This writing from the examiner is called an

"Office Action." If the examiner rejects the claims, the applicant has an opportunity to respond

to the examiner to try to persuade the examiner to allow the claims, and to change the claims or

to submit new claims. This process may go back and forth for some time until the examiner is satisfied that the application meets the requirements for a patent and the application issues as a patent, or that the application should be rejected and no patent should issue. Sometimes, patents are issued after appeals within the PTO or to a court. The papers generated during these communications between the examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all other prior art that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent. It is your job to consider the evidence presented by the parties and determine independently whether or not Twitter, Inc. has proven that the patent is invalid.

## 1.2    SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are VS Technologies, Inc. and Twitter, Inc. The case involves United States Patent No. 6,408,309, obtained by Mr. Dinesh Agarwal, and transferred by Mr. Agarwal to VS Technologies, Inc. For your convenience, the parties and I will often refer to this patent number 6,408,309 by the last three numbers of the patent number, namely, as the "'309 patent."

VS Technologies filed suit in this court seeking money damages from Twitter for allegedly infringing the '309 patent by making, using, selling, or offering for sale, within the United States a method that VS Technologies argues is covered by claims 1 and 5-10 of the '309 patent. The method that is alleged to infringe is the "BrowseInterests" feature of the Twitter service.

Twitter denies that it has infringed claims 1, 5-10 of the '309 patent. Twitter also argues that claims 1 and 5-10 are invalid. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

Your job will be to decide whether or not claims 1 and 5-10 of the '309 patent have been infringed and whether or not those claims are invalid. If you decide that any claim of the '309 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to VS Technologies to compensate it for the infringement. Next, I will discuss the

different burdens of proof in this case.

### 1.3     BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE[3]

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means the evidence must persuade you that the claim or defense is more probable than not.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[3] National Jury Instruction Project, Model Patent Jury Instructions, June 17, 2009 – 1.4 Burdens of Proof – Preponderance of the Evidence.

### 1.4      BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE[4]

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means the evidence has persuaded you that the claim or defense is highly probable. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

Again, you should base your decision on all of the evidence, regardless of which party presented it.

---

[4] National Jury Instruction Project, Model Patent Jury Instructions, June 17, 2009 – 1.5 Burdens of Proof – Clear and Convincing Evidence

### 1.5      PATENT AT ISSUE

The patent at issue is the '309 patent. I have already determined the meaning of the claims of the '309 patent. You have been given a document reflecting those meanings. For a claim term for which I have not provided you with a definition, you should apply the ordinary and customary meaning based on the understanding of a person of ordinary skill in the art in question at the time of invention.[5] You are to apply my definitions of these terms throughout this case. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity. Those issues are yours to decide. I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

---

[5] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc).

## 1.6     OVERVIEW OF APPLICABLE LAW

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Twitter has infringed the claims of the '309 patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, Twitter may infringe the '309 patent by making, using, selling, or offering for sale in the United States, or by importing into the United States, a product or by using a method meeting all the requirements of a claim of the '309 patent. I will provide you with more detailed instructions on the requirements for infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the '309 patent is invalid. A patent may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious. For a claim to be invalid because it is not new, Twitter must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the

field of technology of the patent at the relevant time. You will need to consider a number of questions in deciding whether the invention claimed in the '309 patent is obvious. I will provide you detailed instructions on these questions at the conclusion of the case.

If you decide that any claim of the '309 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to VS Technologies to compensate it for the infringement. A damages award should put VS Technologies in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what VS Technologies would have received had it been paid a reasonable royalty. I will instruct you later on the meaning of a reasonable royalty. The damages you award are meant to compensate VS Technologies and not to punish Twitter. You may not include in your award any additional amount as a fine or penalty, above what is necessary to compensate VS Technologies for the infringement, in order to punish Twitter. I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

### 1.7     OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence. A preponderance of the evidence means that the fact that is to be proven is more likely true than not, i.e., that the evidence in favor of that fact being true is sufficient to tip the scale, even if slightly, in its favor. On other issues that I will identify for you, you must use a higher standard and decide whether the fact has been proven by clear and convincing evidence, i.e., that you have been left with a clear conviction that the fact has been proven.

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, VS Technologies will present its evidence in support of its contention that the claims of the '309 patent have been and continue to be infringed by Twitter. To prove infringement of any claim, VS Technologies must persuade you that it is more likely than not that Twitter has infringed that claim.

Twitter will then present its evidence that the claims of the '309 patent are invalid. To prove invalidity of any claim, Twitter must persuade you by clear and convincing evidence that the claim is invalid. In addition to presenting its evidence of invalidity, Twitter will put on evidence responding to VS Technologies' proof of infringement.

VS Technologies may then put on additional evidence responding to Twitter's evidence that the claims of the '309 patent are invalid, and to offer any additional evidence of infringement. This is referred to as "rebuttal" evidence. VS Technologies' "rebuttal" evidence may respond to any evidence offered by Twitter.

Finally, Twitter may have the option to put on its "rebuttal" evidence to support its contentions as to the validity of the claims of the '309 patent by responding to any evidence offered by VS Technologies on that issue.

During the presentation of the evidence, the attorneys will be allowed brief opportunities to explain what they believe the evidence has shown or what they believe upcoming evidence will show. The attorneys' comments are not evidence and the attorneys are being allowed to comment solely for the purpose of helping you to understand the evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments. These closing arguments by the attorneys are not evidence. After the closing arguments and instructions, you will then decide the case.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)**

VS TECHNOLOGIES, LLC,              )
                                   )
      Plaintiff                    )
                                   )   CIVIL CASE NO: <u>2:11cv43 (HCM)(FBS)</u>
vs.                                )
                                   )
TWITTER, INC.                      )
                                   )
      Defendant.                   )

## <u>PROPOSED FINAL JURY CHARGE & VERDICT FORM</u>

LADIES AND GENTLEMEN OF THE JURY[6]:

      You have heard the evidence presented by the parties and the arguments of their respective attorneys.  It is now my duty to give you the charge in this case.  It will be an oral charge and is given in an effort to assist you in your deliberation in deciding the issues you must decide to reach a fair and impartial verdict in this case.  Perhaps this function of the Court is the most important one that the Court performs in the trial, so I ask you to pay close attention to my remarks.

      As I instructed you at the beginning of trial, you are the exclusive judges of the facts, the credibility of the evidence, and the weight to be given the testimony of the witnesses.  You are to perform your duty without bias or prejudice to any party.  The law does not permit jurors to be governed by sympathy or prejudice.  Corporations and all other persons are equal before the law and must be treated as equals in a court of justice.  The Court and the parties expect that you will

---

[6] Introductory instructions from *Lighting Ballast Control Inc. v. Philips Elec. N.A. Corp.*, 2011 U.S. Dist. LEXIS 96148 (N.D. Tex. Aug. 26, 2011).

carefully and impartially consider all of the evidence, follow the law as I will give it to you, and reach a just verdict.  You are instructed that all persons, including the Plaintiff and the Defendant in this case, stand equal before the law, and are to be dealt with as equals in this Court.

I will now briefly review the contentions of the parties and give you some additional instructions and definitions that will guide you in deciding the issues or facts that you must resolve in this case.

## 1.1    SUMMARY OF CONTENTIONS[7]

As I did at the start of the case, I will first give you a summary of each side's contentions in this case. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

As I previously told you, VS Technologies seeks money damages from Twitter for allegedly infringing the '309 patent by making, importing, using, selling, and/or offering for sale methods that VS Technologies argues are covered by claims 1 and 5-10 of the '309 patent. These are the asserted claims of the '309 patent. The method that is alleged to infringe is the "Browse Interests" feature of the Twitter service.

Twitter denies that it has infringed the asserted claims of the '309 patent and argues that, in addition, claims 1 and 5-10 of the '309 patent are invalid.

Your job is to decide whether Twitter has infringed the asserted claims of the '309 patent and whether any of the asserted claims of the '309 patent are invalid. If you decide that any claim of the '309 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to VS Technologies to compensate it for the infringement.

---

[7] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.1 – Summary of Contentions.

## 1.2     THE ROLE OF THE CLAIMS OF A PATENT[8]

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the meaning of the claims and I will provide to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement and validity.

---

[8] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.2 – Claim Construction: 2.1 Role of the Claims of a Patent.

## 1.3     HOW A CLAIM DEFINES WHAT IT COVERS[9]

I will now explain how a claim defines what it covers.

A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. If a device or a method satisfies each of these requirements, then it is covered by the claim.

There can be several claims in a patent. Each claim may be narrower or broader than another claim by setting forth more or fewer requirements. The coverage of a patent is assessed claim-by-claim. In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations." When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

Sometimes the words in a patent claim are difficult to understand, and therefore it is difficult to understand what requirements these words impose. It is my job to explain to you the meaning of the words in the claims and the requirements these words impose.

As I just instructed you, there are certain specific terms that I have defined and you are to apply the definitions that I provide to you.

By understanding the meaning of the words in a claim and by understanding that the words in a claim set forth the requirements that a product or process must meet in order to be covered by that claim, you will be able to understand the scope of coverage for each claim. Once you understand what each claim covers, then you are prepared to decide the issues that you will

---

[9] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.2 – Claim Construction: 2.2 How a Claim Defines What It Covers.

be asked to decide, such as infringement and invalidity.

## 1.4     INDEPENDENT AND DEPENDENT CLAIMS[10]

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, Claim 1 of the '309 patent is an independent claim.

The remainder of the claims in the '309 patent are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claims to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claims to which it refers. A process that meets all of the requirements of both the dependent claim and the claims to which it refers is covered by that dependent claim.

---

[10] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.2 – Claim Construction: 2.2a Independent and Dependent Claims.

## 1.5    CLAIM INTERPRETATION[11]

I will now explain to you the meaning of some of the words of the claims in this case. In doing so, I will explain some of the requirements of the claims. As I have previously instructed you, you must accept my definition of these words in the claims as correct. For any words in the claim for which I have not provided you with a definition, those terms should be given their ordinary and customary meaning based on the understanding of a person of ordinary skill in the art in question at the time of invention.[12] You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. These issues are yours to decide. I have defined the following term:

1.      "Field of Endeavor" – An occupation or pursuit to which a person devotes a degree of effort.

---

[11] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.2 – Claim Construction: 2.3 Claim Interpretation
[12] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc).

## 2.1     INFRINGEMENT[13]

I will now instruct you how to decide whether or not Twitter has infringed the '309 patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but no infringement as to another.

In this case, VS Technologies is asserting direct infringement by "literal infringement." In order to prove direct infringement by literal infringement, VS Technologies must prove by a preponderance of the evidence, i.e., that it is more likely than not, that Twitter made, used, sold, offered for sale within, or imported into the United States a process that meets all of the requirements of a claim and did so without the permission of VS Technologies during the time the '309 patent was in force. You must compare the process with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met.

You must determine, separately for each asserted claim, whether or not there is infringement. There is one exception to this rule. If you find that a claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim. On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the process meets additional requirements of any claims that depend from the independent claim, thus, whether those claims have also been infringed. A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirements of its own.

---

[13] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.3 – Infringement: 3.1 Infringement Generally (modified) and 3.1a Direct Infringement by "Literal Infringement" (modified).

### 3.1     INVALIDITY – GENERALLY[14]

Patent invalidity is a defense to patent infringement. Even though the PTO examiner has allowed the claims of a patent, you have the ultimate responsibility for deciding whether the claims of the patent are valid. Patents are entitled to a presumption of validity.[15]

I will now instruct you on the invalidity issues you should consider. As you consider these issues, remember that Twitter bears the burden of proving that it is highly probable that the claims are invalid.

---

[14] The National Jury Instruction Project, Model Patent Jury Instructions, June 17, 2009 Section 5.1 – Invalidity Generally
[15] *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2245 (U.S. 2011); Model Patent Jury Instructions, § 5.1

**3.2      INVALIDITY—BURDEN OF PROOF[16]**

I will now instruct you on the rules you must follow in deciding whether or not Twitter has proven that claims 1 and 5-10 of the '309 patent are invalid. To prove that any claim of a patent is invalid, Twitter must persuade you by clear and convincing evidence, i.e., you must be left with a clear conviction that the claim is invalid.

---

[16] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.4 – Invalidity: 4.1 Burden of Proof.

### 3.3     PRIOR ART[17]

Prior art may include items that were publicly known or that have been used or offered for sale, publications, or patents that disclose the claimed invention or elements of the claimed invention. To be prior art, the item or reference must have been made, known, used, published, or patented either before the invention was made or more than one year before the filing date of the patent application. However, prior art does not include a publication that describes the inventor's own work and was published less than one year before the date of invention.

For the claim to be invalid because it is not new, Twitter must show that all of the requirements of that claim were present in a single previous device or method that was known of, used, or described in a single previous printed publication or patent. We call these things "anticipating prior art." To anticipate the invention, the prior art does not have to use the same words as the claim, but all of the requirements of the claim must have been disclosed, either stated expressly or implied to a person having ordinary skill in the art in the technology of the invention, so that looking at that one reference, that person could make and use the claimed invention.

---

[17] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.4.3 – Validity – the Claims: 4.3a Prior Art.

### 3.4    ANTICIPATION[18]

In order for someone to be entitled to a patent, the invention must actually be "new" and the inventor must not have lost her or his rights by delaying the filing of an application claiming the invention. In general, inventions are new when the identical process has not been made, used, or disclosed before. Anticipation must be determined on a claim-by-claim basis.

Twitter contends that claims 1 and 5-10 of the '309 patent are invalid because the claimed invention is anticipated or because VS Technologies lost the right to obtain a patent. Twitter must convince you of this by clear and convincing evidence, i.e., that the evidence highly probably demonstrates that the claims are invalid.

Here is a list of ways that Twitter can show that a patent claim was not new or that the patentee lost the right to patent the claims:

(1) An invention is not new if it was known to or used by others in the United States before the February 23, 2000. An invention is known when the information about it was reasonably accessible to the public on that date.

(2) An invention is not new if it was already patented or described in a printed publication, anywhere in the world before the February 23, 2000. A description is a "printed publication"       only        if        it        was        publicly        accessible.

---

[18] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.4.3 – Validity – the Claims: 4.3b Anticipation.

## 3.5     OBVIOUSNESS[19]

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

Twitter may establish that a patent claim is invalid by showing, by clear and convincing evidence, that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the invention was made in the field of development and operation of interactive virtual communities on the Internet.

In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field development and operation of interactive virtual communities on the Internet that someone would have had at the time the claimed invention was made, the scope and content of the prior art, and any differences between the prior art and the claimed invention. Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most, if not all, inventions rely on building blocks of prior art. In considering whether a claimed invention is obvious, you may, but are not required to, find obviousness if you find that at the time of the claimed invention there was a reason that would have prompted a person having ordinary skill in the field of development and operation of interactive virtual communities on the Internet to combine the known elements in a way the claimed invention does, taking into account such factors as:

(1) whether the claimed invention was merely the predictable result of using prior art

---

[19] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.4.3 – Validity – the Claims: 4.3c Obviousness.

elements according to their known function(s);

(2) whether the claimed invention provides an obvious solution to a known problem in the relevant field;

(3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention;

(4) whether the prior art teaches away from combining elements in the claimed invention;

(5) whether it would have been obvious to try the combinations of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and

(6) whether the change resulted more from design incentives or other market forces. To find it rendered the invention obvious, you must find that the prior art provided a reasonable expectation of success. Obvious to try is not sufficient in unpredictable technologies.

In determining whether the claimed invention was obvious, consider each claim separately. Do not use hindsight, i.e., consider only what was known at the time of the invention.

Before deciding the issue of obviousness, you must also consider certain factors, which, if established, may indicate that the invention would not have been obvious. No factor alone is dispositive, and you must consider the obviousness or nonobviousness of the invention as a whole.

1.      Were products covered by the claim commercially successful due to the merits of the claimed invention rather than due to advertising, promotion, salesmanship, or features of the product other than those found in the claim?

2.      Was there long felt need for a solution to the problem facing the inventors, which was satisfied by the claimed invention?

3.      Did others try, but fail, to solve the problem solved by the claimed invention?

4.      Did others copy the claimed invention?

5.      Did the claimed invention achieve unexpectedly superior results over the closest prior art?

6.      Did others in the field, or Twitter, praise the claimed invention or express surprise at the making of the claimed invention?

7.      Did others accept licenses under the '309 patent because of the merits of the claimed invention?

Answering any, or all, of these questions "yes" may suggest that the claim was not obvious.[20]

---

[20] The secondary considerations of non-obvious paragraph was taken from the AIPLA Model Patent Jury Instructions, 2008 American Intellectual Property Association, Section 7.4 – Factors Indicating Nonobviousness.

### 3.6     LEVEL OF ORDINARY SKILL[21]

In deciding what the level of ordinary skill in the field of development and operation of interactive virtual communities on the Internet is, you should consider all the evidence introduced at trial, including but not limited to: (1) the levels of education and experience of the persons actively working in the field; (2) the types of problems encountered in the field; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; and (5) the sophistication of the technology.

---

[21] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.4.3 – Validity – the Claims: 4.3c(i) Level of Ordinary Skill.

### 3.7      SCOPE AND CONTENT OF THE PRIOR ART[22]

In considering whether the claimed invention was obvious, you must first determine the scope and content of the prior art.

The scope and content of prior art for deciding whether the invention was obvious includes prior art in the same field as the claimed invention, regardless of the problem addressed by the item or reference, and prior art from different fields that a person of ordinary skill in the art using common sense might combine if familiar so as to solve the problem, like fitting together the pieces of a puzzle. When a party attacking the validity of a patent relies on prior art which was specifically considered by the Examiner during the prosecution of the application leading to the issuance of the patent, that party bears the burden of overcoming the deference due a qualified government agency official presumed to have performed his or her job.

---

[22] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.4.3 – Validity – the Claims: 4.3c(ii) Scope and Content of the Prior Art.

## 4.1    DAMAGES—INTRODUCTION[23]

If you find that Twitter infringed any valid claim of the '309 patent, you must then consider what amount of damages to award to VS Technologies. I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case, on any issue.

The damages you award must be adequate to compensate VS Technologies for the infringement. They are not meant to punish an infringer. Your damages award, if you reach this issue, should put VS Technologies in approximately the same financial position that it would have been in had the infringement not occurred.

VS Technologies has the burden to establish the amount of its damages by a preponderance of the evidence. In other words, you should award only those damages that VS Technologies establishes that it more likely than not suffered.

There are different types of damages that VS Technologies may be entitled to recover. In this case, VS Technologies seeks a reasonable royalty. A reasonable royalty is defined as the money amount VS Technologies and Twitter would have agreed upon as a fee for use of the invention at the time prior to when infringement began.

I will give more detailed instructions regarding damages shortly. Note, however, that VS Technologies is entitled to recover no less than a reasonable royalty for the infringing use.

---

[23] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.6 – Patent Damages: 6.1 Damages Introduction.

## 4.2    REASONABLE ROYALTY—ENTITLEMENT[24]

If you find that VS Technologies has established infringement, VS Technologies is entitled to at least a reasonable royalty to compensate it for that infringement.

---

[24] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.6 – Patent Damages: 6.5 Reasonable Royalty -- Entitlement.

## 4.3      REASONABLE ROYALTY—DEFINITION[25]

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the infringer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began, which VS Technologies and Twitter agree was in January 2010. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.

In determining this, you must assume that both parties believed the patent was valid and infringed and the patent holder and infringer were willing to enter into an agreement. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation. Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.

---

[25] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.6 – Patent Damages: 6.6 Reasonable Royalty -- Definition.

## 4.4     REASONABLE ROYALTY—RELEVANT FACTORS[26]

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determination are:

(1) The royalties received by the patentee for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

(2) The rates paid by the licensee for the use of other patents comparable to the patent-in-suit.

(3) The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

(4) The licensor's established policy and marketing program to maintain his or her patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

(5) The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventor and promoter.

(6) The effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of his nonpatented items, and the extent of such derivative or convoyed sales.

(7) The duration of the patent and the term of the license.

---

[26] Fed. Cir. Bar Assoc. Model Patent Jury Instructions B.6 – Patent Damages: 6.7 Relevant Factors.

(8) The established profitability of the product made under the patents, its commercial success, and its current popularity.

(9) The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results.

(10) The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

(11) The extent to which the infringer has made use of the invention and any evidence probative of the value of that use.

(12) The portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions.

(13) The portion of the realizable profits that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

(14) The opinion and testimony of qualified experts.

(15) The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

No one factor is dispositive and you can and should consider the evidence that has been

presented to you in this case on each of these factors. You may also consider any other factors which in your mind would have increased or decreased the royalty the infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people. The final factor establishes the framework, which you should use in determining a reasonable royalty, that is, the payment that would have resulted from a negotiation between the patent holder and the infringer taking place at a time prior to when the infringement began.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Norfolk Division)**

VS TECHNOLOGIES, LLC,                      )
                                           )
      Plaintiff                      )
                                           )   CIVIL CASE NO: <u>2:11cv43 (HCM)(FBS)</u>
vs.                                        )
                                           )
TWITTER, INC.                              )
                                           )
      Defendant.                     )

<u>**VERDICT FORM**</u>

<u>**Section No. I – Question Regarding Infringement**</u>

**QUESTION NO. 1 – INFRINGEMENT OF THE '309 PATENT**

      Do you find by a preponderance of the evidence that Twitter, Inc. has literally infringed

any of the asserted claims of the '309 patent? Answer "YES" or "NO" to each.

Claim 1 of the '309 Patent _____

Claim 5 of the '309 Patent _____

Claim 5 of the '309 Patent _____

Claim 6 of the '309 Patent _____

Claim 7 of the '309 Patent _____

Claim 8 of the '309 Patent _____

Claim 9 of the '309 Patent _____

Claim 10 of the '309 Patent _____

**Section No. II – Questions Regarding Invalidity**

*If you have answered "NO" to all of Question 1 you do not need to consider the questions below. If you have answered "YES" to any part of Question 1, then for each claim that you have entered such an answer, you must respond to the questions below.*

**QUESTION NO. 2 – ANTICIPATION**

Do you find by clear and convincing evidence that any of the following claims of the '309 Patent are invalid as anticipated? Answer "YES" or "NO" as to each.

|  | **ANTICIPATED?** | **OBVIOUS?** |
|---|---|---|
| Claim 1 of the '309 Patent | _____ | _____ |
| Claim 5 of the '309 Patent | _____ | _____ |
| Claim 5 of the '309 Patent | _____ | _____ |
| Claim 6 of the '309 Patent | _____ | _____ |
| Claim 7 of the '309 Patent | _____ | _____ |
| Claim 8 of the '309 Patent | _____ | _____ |
| Claim 9 of the '309 Patent | _____ | _____ |
| Claim 10 of the '309 Patent | _____ | _____ |

**Section No. III – Questions Regarding Damages**

**QUESTION NO. 3 – DAMAGES**

*Please answer the following question only if you answered "YES" to any part of Question 1 and you answered "NO" for the same claim for each of Question 2.*

What sum of money, if any, do you find from a preponderance of the evidence is adequate to compensate Plaintiff for Defendant's conduct that you found to infringe? Provide the amount in dollars and cents if any, or none.

$_____

**Dated:   October 7, 2011.**                    Respectfully submitted,

/s/  Amy Sanborn Owen_____
Amy Sanborn Owen (VSB# 27692)
Benje A. Selan (VSB# 65923)
COCHRAN & OWEN LLC
8000 Towers Crescent Dr., Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax: (703) 847-4499
aowen@cochranowen.com
bselan@cochranowen.com

Jonathan T. Suder
  Texas State Bar No. 19463350
Corby R. Vowell
  Texas State Bar No. 24031621
Todd I. Blumenfeld
  Texas State Bar No. 24067518
FRIEDMAN, SUDER & COOKE, P.C.
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Phone: (817) 334-0400
Fax: (817) 334-0401
jts@fsclaw.com
vowell@fsclaw.com
blumenfeld@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVCE</u>

       The undersigned hereby certifies, that on this 7th day of October, 2011, a true and correct copy of the foregoing Proposed Preliminary Jury Instructions was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert A. Van Nest
David J. Silbert
Tia A. Sherringham
Eugene M. Paige
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 – fax
rvannest@kvn.com
dsilbert@kvn.com
tsherringham@kvn.com
emp@kvn.com

Robert A. Angle, VSB #37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia 23219
804-697-1200
804-697-1339 – fax
robert.angle@troutmansanders.com
dabney.carr@troutmansanders.com

ATTORNEYS FOR DEFENDANT

       /s/  Amy Sanborn Owen_____
       Amy Sanborn Owen (VSB# 27692)
       Benje A. Selan (VSB# 65923)
       COCHRAN & OWEN LLC
       8000 Towers Crescent Dr., Suite 160
       Vienna, VA 22182
       Phone: (703) 847-4480
       Fax: (703) 847-4499
       aowen@cochranowen.com
       bselan@cochranowen.com

       ATTORNEYS FOR PLAINTIFF