IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | |
|---|---|
| VS TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>   v.<br><br>TWITTER, INC.<br><br>                    Defendant. | Case No. 2:11CV43 HCM/FBS<br><br><br>Date Comp. Filed:   Jan. 18, 2011<br><br>Trial Date:   October 24, 2011<br><br>**JURY TRIAL DEMANDED** |

**TWITTER, INC.'S FED. R. CIV. P. 50(a) MOTION FOR**
**JUDGMENT AS A MATTER OF LAW**

Defendant Twitter, Inc. ("Twitter"), by counsel, hereby moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), on the following grounds:

(1) Plaintiff VS Technologies LLC ("VS Technologies") has failed to establish sufficient evidence that would allow a reasonable jury to find that Twitter has infringed U.S. Patent No. 6,408,309 ("'309 patent").

(2) Undisputed evidence shows that the patent was disclosed by numerous pieces of prior art that were publicly available prior to the '309 patent's filing date. Twitter has met its burden of showing, by clear and convincing evidence, that the '309 patent is invalid based on anticipation and obviousness.

(3) There is insufficient evidence for a reasonable jury to find that the '309 patent claims patentable subject matter under 35 U.S.C. § 101.

(4) There is insufficient evidence for a reasonable jury to find that VS Technologies is entitled to a reasonable royalty of $8.4 million based on Mr. Evans' testimony.

Based on the evidence and testimony admitted at trial, Twitter respectfully requests that the Court grant its motion in its entirety.

## I. ARGUMENT

Judgment as a matter of law is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). Rule 50 "allows the trial court to remove . . . issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result" *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000) (internal quotations omitted). The standard for granting judgment as a matter of law, in practice, mirrors the standard for granting summary judgment, and "the inquiry under each is the same." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251 (1986).

On a motion for judgment as a matter of law, while the Court is instructed to draw reasonable inferences in favor of the non-moving party and refrain from making credibility determinations, the Court must evaluate whether there is substantial evidence could support a

finding for the non-moving party; if not, the motion must be granted.  In doing so, "the court should review all of the evidence in the record," and may rely on all un-contradicted and un-impeached evidence supporting the moving party to grant the motion.  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-1 (2000).  As one treatise has put it:  "The question is not whether there is literally *no evidence* supporting the party against whom the motion is directed but whether there is evidence upon which the jury might *reasonably* find a verdict for that party."  9B Fed. Prac. & Proc. § 2524 (3d ed. 2011) (emphasis added).

      A.    **There is insufficient evidence for a reasonable jury to find that Twitter has infringed the '309 patent.**

VS Technologies has failed to present sufficient evidence to allow a reasonable jury to find that Twitter has infringed the '309 patent.  VS Technologies' infringement claim against Twitter is one of literal infringement.  Thus, if the record does not reflect sufficient evidence showing the presence of each claim limitation, as properly construed, in Twitter's Browse Interests feature, Twitter is entitled to judgment as a matter of law.  *See e.g., Research Plastics, Inc. v. Fed Packaging Corp.*, 421 F.3d 1290, 1297 (Fed. Cir. 2005); *Forest Laboratories, Inc. v. Abbot Laboratories*, 239 F.3d 1305, 1309 (Fed. Cir. 2001).  As explained herein, VS Technologies has not proved and cannot prove literal infringement.

There is no dispute as to how Twitter's accused "Browse Interests" feature operates and that it shares a few similarities with some elements of the '309 patent.  Users create accounts that include biographical information.  Twitter organizes some of its existing users – including both people and non-people (entities and fictitious accounts) into categories that are displayed in the accused "Browse Interests."  Some of these categories are "fields of endeavor" as that term is used in the '309 patent.  When new users log onto the Twitter website and encounter the "Browse Interests" feature, these new users see a list of users that Twitter has selected to include under a given category.  Thus, VS Technologies may be able to show that, at some level, Twitter's accused "Browse Interests" feature selects a field of endeavor, compiles a list of users in that field of endeavor, and selects users from that complied list of users, as described in elements (a), (b) and (c) of Claim 1 of the '309 patent.  However, that is where the similarities

between the '309 patent and Twitter's "Browse Interests" feature end.  As explained below, VS Technologies has not proved and cannot prove infringement of the '309 patent because Twitter's accused "Browse Interests" feature does not "obtain" biographical information about any "selected member" or "create" a profile of any "selected member" as called for in elements (d) and (e) of Claim 1.  Likewise, Twitter's "Browse Interests" feature does not perform the steps of the patent in the order set forth in Claim 1.

> 1. **Twitter's "Browse Interests" feature does not "obtain" biographical information about any "selected member" or "create" a profile of any "selected member" as called for in elements (d) and (e) of Claim 1.**

VS Technologies has failed to present sufficient evidence that Twitter's Browse Interests feature incorporates every asserted claim element in the '309 patent.  "To prove infringement, a plaintiff must prove the presence of each and every claim element or its equivalent in the accused method or device."  *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364 at *12 (Fed Cir. Aug. 26, 2011).  As Dr. Weaver testified, Twitter does not perform steps (d) and (e) of Claim 1.  Rather, the profiles of the accounts in a Browse Interest category were created when the original Twitter account holder signed up for Twitter, as evidenced by plaintiff's own demonstration.  No members were selected from a compiled list, and no profiles were created for the biographical information obtained about these selected members.

Thus, VS Technologies lacks sufficient evidence that would allow any reasonable jury to find, by a preponderance of the evidence, that Twitter "obtain[s] biographical information" and "create[s] a personal profile" "*of the selected member*."  By the time a member is selected for inclusion in the Browse Interests feature, the member's profile has been created and any biographical information a member elects to provide has already been obtained.  These steps occur during the new user flow, prior to any selection for the Browse Interests feature.  Therefore no biographical information is obtained of the selected member and no profile of a selected member is created.  Hence, no reasonable jury could conclude that Twitter infringed the specific method claimed in the '309 patent, and Twitter is entitled to judgment as a matter of law.

## 2. VS Technologies has not proved that Twitter's "Browse Interests" feature practices the steps of the '309 patent in order.

In addition to not performing steps (d) and (e) of Claim 1, Twitter's "Browse Interests" feature does not perform all of the steps of the '309 patent in the specific order detailed in the patent, and VS Technologies has presented no evidence to the contrary. Thus, no reasonable jury could find that Twitter infringes the '309 patent.

Where, as here, a method patent identifies a series of steps that must be performed in a particular order, the plaintiff must show that the defendant performed those steps in the same order. *See E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2007); *Mantech Envtl. Corp. v. Hudson Envtl. Servs., Inc.*, 152 F.3d 1368, 1376 (Fed. Cir. 1998); *see also Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313, 1321-22 (Fed Cir. 1999). To determine whether a method patent requires that the steps be performed in order, courts look first to the plain language—and logic—of the patent itself; and, second, to whether the specification appears to support that narrowed construction. *See Spreadsheet Automation Corp. v. Microsoft Corp.*, 2:05-CV-127-DF, 2006 WL 6143063 (E.D. Tex. Nov. 9, 2006). Here, the Court already observed that the elements of Claim 1 are to be performed in order. Order Denying Mot. for Summary Judgment ("MSJ Order"), Dkt. #99, at 8 (Noting that claim 1 "lays out a series of seven steps and ***requires that these steps be followed in order*** to accomplish the interactive communication it describes."). Furthermore, the plain language—and logic—of the patent itself, as well as the specification, clearly supports the sequential ordering of the claim elements. As Twitter's expert Dr. Alfred Weaver testified, the patent not only specifies that these steps be performed in order, but also cannot be performed in any other order.[1]

VS Technologies' failure to establish at trial sufficient evidence showing that Twitter performs the steps in the order laid out in the patent is fatal to its infringement claim. *See E-Pass Technologies, Inc. v. 3Com Corp*, 473 F.3d 1213, 1222 (Fed. Cir. 2007) (affirming grant of

---

[1] For example, Dr. Weaver explained that step (b) cannot be performed unless and until a field of endeavor has been selected; otherwise, the term "selected field" would have to be written out of the patent. Likewise, step (c) of "selecting a member *from the compiled list of members*" could not be performed without having compiled that list in Step (b). This logical progression applies to each of the steps of Claim 1.

4

summary judgment on noninfringement); *Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d at 1321-22 (granting JMOL where defendant performed steps in a different order than the patent specified). Therefore, no reasonable jury could conclude that Twitter infringed the specific method claimed in the '309 patent, and Twitter is entitled to judgment as a matter of law.

### B. No reasonable jury could find that the '309 patent is valid.

The evidence at trial overwhelmingly demonstrates that prior art that was not disclosed to the U.S. Patent & Trademark Office anticipates and renders obvious each of the asserted claims of the '309 patent.

#### 1. There is overwhelming evidence that the asserted claims of the '309 patent are anticipated by prior art.

A claim is anticipated if a single prior-art reference disclosed, expressly or inherently, each of the claim's elements. *Finnigan Corp. v. U.S. Int'l Trade Comm'n*, 180 F.3d 1354, 1367 (Fed. Cir. 1999).

In addition to other evidence, Twitter introduced four different prior art references which disclose each and every one of the limitations in the six claims on which VS Technologies has sued. Twitter has produced evidence disclosing all of its claim elements in archived websites for Who's Who Online (Defendant's Ex. 1255), Martindale-Hubbell (Defendant's Ex. 1251), Geocities (Defendant's Ex. 1249), and the Computer Science Faculty of the University of Virginia (Defendant's Ex. 1254). In addition, Twitter has adduced the testimony of Dr. Andrew Grimshaw, who testified on personal knowledge about the capabilities of the University of Virginia faculty website in the late 1990's—which match up perfectly with the limitations of the '309 patent—as well as evidence showing the disclosure of all relevant claim limitations on the UVA website. Plaintiff's expert Dr. Joseph does not dispute that most of the '309 patent's claim limitations are found in each of these prior art references.

#### 2. There is overwhelming evidence that the asserted claims of the '309 patent are rendered obvious by prior art.

A claim is obvious, and thus invalid, if "differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said

subject matter pertains. 35 U.S.C. § 103(a). In considering whether sufficient evidence would allow a reasonable jury to find that the '309 patent was *not obvious*, the Court considers "the scope and content of the prior art, the differences between the prior art and the claims at issue, the level of ordinary skill in the pertinent art, and secondary considerations, otherwise known as objective indicia of obviousness." *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1349 (Fed. Cir. 2009) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18) (1966)(internal quotations omitted).

As testified to by Dr. Grimshaw, to the extent the claims of the '309 patent were not completely disclosed in any single instance of prior art, a person of ordinary skill in the art would naturally and intrinsically have combined these elements to achieve the same result. In addition to the four prior art references from Internet websites mentioned above, Twitter introduced a 400-page book that by itself renders all the asserted claims of the '309 patent obvious. *See* Defendant's Ex. 1244.

VS Technologies' expert Dr. Mark Joseph ignores the disclosures in the prior art and does not provide sufficient evidence on which a reasonable jury could conclude that the '309 patent is not anticipated and obvious. Moreover, VS Technologies has failed to establish with sufficient evidence that any secondary considerations would allow a jury to find, despite the prior art, that the '309 patent claims are non-obvious.

Because the evidence of anticipation and obviousness are so overwhelming, no reasonable jury could reach a conclusion other than the claims of the '309 patent were anticipated and obvious in light of the prior art in evidence.

### 3. There is overwhelming evidence that the '309 patent claims unpatentable subject matter pursuant to U.S.C. § 101.

As argued in Twitter's motion for summary judgment, the '309 patent claims an abstract idea and falls far short of satisfying the "machine or transformation" test embraced by the Supreme Court in *Bilski*. *See Bilski v. Kappos*, 130 S. Ct. 3218 (2010). The claims of the '309 patent recite a series of abstract steps to produce an abstract result: "an interactive virtual community of famous people." In fact, the evidence has shown that the steps are so broad as to encompass numerous pieces of prior art available on the Internet prior to February 2000. There

587455.02

is no evidence to suggest otherwise.

Accordingly, no reasonable jury could find that the '309 patent claims patentable subject matter.

### C. There is insufficient evidence for a reasonable jury to find that VS Technologies is entitled to a reasonable royalty of $8.4 million.

For the reasons stated in Twitter's motion to exclude the expert testimony of Larry Evans, Mr. Evans' testimony at trial regarding a reasonable royalty is not supported by any record evidence and, therefore, a reasonably jury would not award $8.4 million based on his flawed calculation of damages.  According to VS Technologies' expert Mr. Evans, Twitter would have paid at least three times the amount it paid for the existing technology it acquired from Summize—a search technology company Twitter acquired in 2008—for a license to practice the '309 Patent in January of 2010.  Mr. Evans testified that this amounts to a reasonably royalty of at least $8.4 million.

No reasonable jury could award VS Technologies $8.4 million based on Mr. Evans' flawed methodology.  Mr. Evans provides no evidentiary support for tripling the price allocated to the existing technology acquired from Summize.  In fact, this is contrary to record evidence for the following reasons:

- Mr. Evans compares an acquisition for existing technology (including source code, intellectual property, and industry "know-how") to a naked patent license.  Without any basis, Mr. Evans concludes that a naked patent license has greater value than existing technology.

- Mr. Evans compares the Summize technology (name search) with the allegedly infringing feature (Browse Interests) and concludes that Twitter would have been willing to pay more for Browse Interests.  This is contrary to the evidence.  Twitter's 30(b)(6) witness Mr. Elman testified that the Browse Interests feature was the least successful of the features in the new user flow suite, while the Search feature, is the "leading indicator" of user engagement.  Deposition of Joshua Elman, Tr. 46:16-25.

- Mr. Evans testified that the multiplier he chose is based on the difference in Twitter's stock price from 2008 (when Summize was acquired) to 2010 (the date of the hypothetical negotiation). The change in Twitter's stock price is irrelevant to calculating a reasonable royalty. Moreover, introduction of this evidence is highly prejudicial to Twitter and violates the Court's *in limine* ruling to exclude evidence of Twitter's valuation.

- Mr. Evans testified that a license to a patent is more valuable than existing technology because it grants a right to exclude. The hypothetical negotiation in this case, however, contemplates a **non-exclusive** license. As a result, this provides no basis for augmenting the reasonable royalty Twitter would have paid as a result of a hypothetical negotiation.

- Lastly, Mr. Evans' opinion is fatally flawed because he neglected to consider the evidence of Mr. Agarwal's efforts to license his patent. Mr. Agarwal's licensing efforts and the royalties he received (or lack thereof) are properly considered under the *Georgia Pacific* analysis.

For these reasons and those set-forth in Twitter's motion to exclude Mr. Evans' testimony, Mr. Evans' testimony is inadmissible under *Daubert* and the Federal Rules of Evidence. Accordingly, no reasonable jury would award VS Technologies $8.4 million on this basis.

## II.   CONCLUSION

For the foregoing reasons, Twitter requests judgment as a matter of law of no literal infringement, and invalidity based on anticipation and obviousness, as well as the fact that the patent is abstract. Should the Court deny those requests, Twitter requests judgment as a matter of law on damages.

Dated: October 28, 2011              Respectfully submitted,

                                     TWITTER, INC.


                                     By: */s/ Robert A. Angle*
                                                Of Counsel

                                     Robert A. Angle, VSB #37691
                                     Dabney J. Carr, IV, VSB #28679
                                     TROUTMAN SANDERS LLP
                                     Troutman Sanders Building
                                     1001 Haxall Point
                                     Richmond, Virginia 23219
                                     Telephone: 804-697-1200
                                     Facsimile: 804-697-1339
                                     Email: robert.angle@troutmansanders.com
                                     Email: dabney.carr@troutmansanders.com

                                     Elliot R. Peters *(admitted pro hac vice)*
                                     David J. Silbert *(admitted pro hac vice)*
                                     Tia A. Sherringham *(admitted pro hac vice)*
                                     KEKER & VAN NEST LLP
                                     633 Battery Street
                                     San Francisco, CA 94111-1809
                                     Telephone: (415) 391-5400
                                     Facsimile: (415) 397-7188

                                     Attorneys for Defendant Twitter, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of October, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send a notification of such electronic filing (NEF) to the following:

Amy Sanborn Owen
Benje Allen Selan
Cochran & Owen LLC
8000 Towers Crescent Drive, Ste. 160
Vienna, VA 22182
Tel: 703/847-4480

aowen@cochranowen.com
bselan@cochranowen.com

Jonathan Ted Suder
Todd Ian Blumenfeld
Friedman, Suder & Cooke
604 East 4th St., Ste. 200
Forth Worth, TX 76102
Tel: 817/334-0400

jts@fsclaw.com
blumenfeld@fsclaw.com

Edward W. Goldstein
Corby R. Vowell
Goldstein & Vowell, L.L.P.
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: (713) 877-1515
Fax: (713) 877-1737

egoldstein@gviplaw.com
cvowell@gviplaw.com

      */s/ Robert A. Angle*
      Robert A. Angle, VSB #37691
      Robert.angle@troutmansanders.com
      TROUTMAN SANDERS LLP
      P.O. Box 1122
      Richmond, Virginia 23218-1122
      Telephone: 804-697-1200
      Facsimile: 804-697-1339

      Attorney for Twitter, Inc.